# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) Case No. CIV-21-850 |
| AGRICULTURE; OKLAHOMA STATE | ) |
| DEPARTMENT OF EDUCATION; | ) |
| OKLAHOMA CHILD AND ADULT CARE | ) |
| FOOD PROGRAM (CACFP); KASSANDRA | ) |
| REDELL; and JENNIFER WEBER, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page**

*Niece v. Sears, Roebuck and Company*, 293 F.Supp. 792, 794 (N.D. Okla. 1968) ........................ 6
*Reitz v. County of Bucks,* 125 F.3d 139, 145 (3rd Cir. 1997) ................................................. 16, 17
*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) ................................... 7, 15, 17
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) 7, 10
*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ................................................ 11
*City of Canton v. Harris*, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ... 16, 17
*City of Canton*, 489 U.S. at 388 n. 7, 109 S.Ct. at 1204 n.7 ........................................................ 16
*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 (1992) ........... 9
*DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 194 (1989) .................. 9
*Hans v. La., 134 U.S. 1 (1890)* ...................................................................................................... 7
*Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)* ........................................................................... 9
*Jackson v. City of Highland Park*, 2015 WL 3409013, *5 (E.D. Mich. 2015) ............................ 11
*Jennings v. Wentzville R-IV School Dist.*, 397 F.3d 1118, 1123 (8th Cir. 2005) ......................... 16
*Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007) ....................................................... 8
*Jones v. Office of Administrative Hearings*, 757 Fed. Appx. 692, 695 (10th Cir. 2018) ................ 7
*Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 902 (1976) ............................................. 9
*Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) ............................................................ 16
*Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 691 (1978) ............. 8, 10, 11
*Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009) ............................................................ 11
*Murrell v. Sch. Dist.No.1*, 186 F.3d 1238, 1249 (10th Cir.1999) .......................................... 10, 11
*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ....................................................... 7
*Rost v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008) .................... 11
*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ................................................................ 7
*Thelma D. v. Board of Educ. of City of St. Louis*, 934 F.2d 929 (8th Cir. 1991) ................... 15, 17
*Ware v. Unified Sch. Dist. No. 492, Butler County*, 902 F.2d 815, 819 (10th Cir. 1990) ............ 16
*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58 (1989) .................................................... 8
*Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir.1990) ............................................................. 16

**Statutes**

42 U.S.C. § 1766 ............................................................................................................................. 4
42 U.S.C. §§ 1751 *et seq.* ............................................................................................................... 3
51 O.S. § 152.1 ............................................................................................................................. 15
70 O.S. § 3-104 ......................................................................................................................... 4, 11
70 O.S. Section 1-105 ..................................................................................................................... 8
75 O.S. §§ 250 *et seq* ..................................................................................................................... 4
Governmental Tort Claim Act ...................................................................................................... 15
Richard B. Russell National School Lunch Act ............................................................................. 3

**Other Authorities**

15 U.S. Code Section 1692g(a)(3). 15 U.S. Code Section 1692g(a)(3) ........................................ 14
42 U.S.C. § 1983................................................................................................................ 8, 10, 11
7 C.F.R. § 226.18(b)(1)............................................................................................................... 17
7 C.F.R. § 226.6(b)(4)(iii)........................................................................................................... 17
Black's Law Dictionary Free Online Legal Dictionary 2nd Ed..................................................... 17
OAC § 210:10-3-40 ....................................................................................................................... 5

**Rules**

7 C.F.R. Section 226.18(b)(1)...................................................................................................... 12
7 C.F.R. Section 226.6(b)(4)(iii).................................................................................................. 12
7 C.F.R. Section 226.6(m)(6);..................................................................................................... 12
7 CFR Part 226.6 (c)(3)(iii)(B)(3) .................................................................................... 5, 11, 13
Federal Rule of Civil Procedure 12(b)(1) ..................................................................................... 6
Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 6, 19
Federal Rule of Civil Procedure Rule 12(b)(1)....................................................................... 3, 19
Federal Rule of Civil Procedure Rule 12(b)(6)......................................................................... 3, 6

**Constitutional Provisions**

Eleventh Amendment to the United States Constitution ............................................................... 7
Fourteenth Amendment ............................................................................................................ 9, 10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) Case No. CIV-21-850 |
| AGRICULTURE; OKLAHOMA STATE | ) |
| DEPARTMENT OF EDUCATION; | ) |
| OKLAHOMA CHILD AND ADULT CARE | ) |
| FOOD PROGRAM (CACFP); KASSANDRA | ) |
| REDELL; and JENNIFER WEBER, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW, Defendants, Oklahoma State Department of Education (the "State Department"), Oklahoma Child and Adult Care Food Program (the "CACFP"), Kassandra Redell and Jennifer Weber (the "CACFP Directors")[1] (collectively, "the State"), and respectfully submit this Motion to Dismiss and brief in support (the "Motion") in accordance with Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1) and Federal Rule of Civil Procedure Rule 12(b)(6).

## BACKGROUND

The Child and Adult Care Food Program ("CACFP") is a subprogram of the Richard B. Russell National School Lunch Act (the "Act"), Chapter 281 of the 79th Congress, Approved June 4, 1946, 60 Stat. 230, as Amended through P.L. 116-94, Enacted December 20, 2019, that is administered by the State Department in coordination with the United States Department of Agriculture ("USDA"). *See* 42 U.S.C. §§ 1751 *et seq.* The federal statute creating CACFP is

---

[1] Plaintiff does not identify the capacity the CACFP Directors are sued in. To the extent there are any allegations against the CACFP Directors – Defendants maintain there are not – Defendants submit they must be read in official capacity.

1

found in the Act at 42 U.S.C. § 1766. The goal of the Act and CACFP is generally to provide nutritious balanced meals to children. .

The statute authorizing the State to participate in and administer the National School Lunch Act and its subprograms (*e.g.* CACFP) is found at 70 O.S. § 3-104. The State has been participating in CACFP and other subprograms of the National School Lunch Act for decades. The relevant portions of the Oklahoma statute state as follows:

> A. The supervision of the public school system of Oklahoma shall be vested in the State Board of Education and, subject to limitations otherwise provided by law, the State Board of Education shall: …
>
> 10. Be and is hereby designated as the "State Educational Agency" referred to in Public Law 396 of the 79th Congress of the United States, which law states that said act may be cited as the "National School Lunch Act", and said State Board of Education is hereby authorized and directed to accept the terms and provisions of said act and to enter into such agreements, not in conflict with the Constitution of Oklahoma or the Constitution and Statutes of the United States, as may be necessary or appropriate to secure for the State of Oklahoma the benefits of the school lunch program established and referred to in said act;
>
> 11. Have authority to secure and administer the benefits of the National School Lunch Act, Public Law 396 of the 79th Congress of the United States, in the State of Oklahoma and is hereby authorized to employ or appoint and fix the compensation of such additional officers or employees and to incur such expenses as may be necessary for the accomplishment of the above purpose, administer the distribution of any state funds appropriated by the Legislature required as federal matching to reimburse on children's meals; ….
> 70 O.S. § 3-104(A)(10)-(11).

Pursuant to these statutory authorizations, the State promulgated various rules in accordance with the Administrative Procedures Act (75 O.S. §§ 250 *et seq.* and herein after referred to as the "APA"). These rules are located at Oklahoma Administrative Code ("OAC") found at Title 210, Chapter 10, Subchapter 3 for its administration of CACFP. However, in 2019, the State Department promulgated a new rule, to incorporate by reference the federal regulations on CACFP. The rule states as follows:

> The Oklahoma State Department of Education (OSDE) Office of Child Nutrition recognizes the federal administrative regulations at 7 C.F.R. Part 226, governing the Child and Adult Food Care Program (CACFP), as the applicable regulations for the CACFP program as administered by the State of Oklahoma. To the extent that the governing regulations at 7 C.F.R. Part 226 refer to additional procedures or requirements that must be adopted by a state as part of its implementation of the CACFP program, the OSDE Office of Child Nutrition will adopt conforming policies and make such policies available on the OSDE website, to be updated each time a change in a CACFP policy is made at the federal or state level.
> OAC § 210:10-3-40.

In 2011, Plaintiff began participating in the CACPF through an entity named Aunt Betsie's. Shortly thereafter, in 2012, Plaintiff changed the organization name to Wonderfully Made. At all times relevant, Plaintiff has served as the Executive Director of Wonderfully Made.

Beginning with its early years of operation, Defendants have conducted regular and specific monitoring of Plaintiff's program pursuant to federal regulations. In 2012, the initial review found Wonderfully Made to be non-compliant and this resulted in an overclaim being assessed. Again in 2016, the State conducted a program review of Wonderfully Made and determined Wonderfully Made to be Seriously Deficient (SD) in adhering to CACFP regulations, including income eligibility of participants and records being unavailable for review. From there, the monitoring reviews continued, and Defendant continued to find noncompliance, including due to lack of required meal components, quantities and lack of program records to substantiate program operations and reimbursements paid for same.

On August 31, 2020, the State conducted a program review of Wonderfully Made and once on-site, there were no records available to be reviewed for the months at issue. As a result, Wonderfully Made was proposed for termination and disqualification, based on regulations (7 CFR Part 226.6 (c)(3)(iii)(B)(3)), since they were "seriously deficient" for the same areas in a prior FY review and those areas were not fully and permanently corrected. Additionally, the State

assessed an overclaim due to no records being available to validate any claims paid for FY 20. The State field staff that attempted to conduct the unannounced review were told that Mr. Miller was not available nor were the records and they needed to come back another day. All letters were sent certified mail, return receipt requested to Mr. Miller's home address. This is the address the Plaintiff entered in the CACFP application and claim system as his "mailing address". The "physical" address and the address of where "records will be maintained" is the day care center records. On October 2, 2020, Plaintiff and the program were terminated and disqualified at a due process hearing provided to Plaintiff both for which he elected to not appear.[2]

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) states that a defendant can move to dismiss the complaint or a particular claim when there is a lack of "subject-matter jurisdiction". Additionally, FRCP 12(b)(6) provides that a defendant can move to dismiss the complaint or particular claim when there is "failure to state a claim upon which relief can be granted."

A motion pursuant to FRCP 12(b)(6) assumes that the court is authorized to resolve the dispute and tests whether there is a legal dispute to resolve. The function of a FRCP 12(b)(6) motion is to test the law of a claim, not the facts which support it. *Niece v. Sears, Roebuck and Company*, 293 F.Supp. 792, 794 (N.D. Okla. 1968). In deciding a motion to dismiss for failure to state a claim, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide

---

[2] Since that time, Plaintiff has filed a claim of discrimination with the USDA against the State Department on grounds substantially similar to those here. The claim stated that the State Department discriminated against him when the State Department terminated his center from the CACFP program. The USDA conducted an investigation and found that the State Department had not discriminated against the Plaintiff. After that finding, the Plaintiff requested that another USDA official review the case. That subsequent USDA official also found that the State Department had not discriminated against the Plaintiff.

the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009). A complaint need not contain detailed factual allegations; however, a plaintiff's obligation requires more than labels and conclusions, and a mere recitation of the elements of a cause of action will not be sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff must allege sufficient facts to "nudge their claims across the line from conceivable to plausible." *Id. at 570*.

One of the purposes of the plausibility requirement is "to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success" and "to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). The "degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" which ultimately depends on the type of case. *Robbins*, 519 F.3d at 1248. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by a lawyer. However, this less stringent standard does not relieve a pro se plaintiff from the burden of alleging sufficient facts on which the legal claims asserted could be based. *Jones v. Office of Administrative Hearings*, 757 Fed. Appx. 692, 695 (10th Cir. 2018).

## ARGUMENTS AND AUTHORITIES

**A. Plaintiff fails to properly assert a Section 1983 claim.**

The U.S. Supreme Court has stated that under the Eleventh Amendment to the United States Constitution, a state may not be sued in in federal court by its own citizen or a citizen of another state, unless the state consents to jurisdiction. *See Hans v. La., 134 U.S. 1 (1890)*. The State has not consented to jurisdiction in this case by statute or otherwise. This alone should give rise to the case against the State being dismissed.

Additionally, the Plaintiff is attempting to make a Section 1983 claim by stating that the State violated his constitutional due process rights when the State disqualified him from the CACFP Program. 42 U.S.C. § 1983 gives private citizens an avenue to bring a claim against a state or municipality when the state or municipality deprives them of their constitutional rights. *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 691 (1978)). Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
> 42 U.S.C. § 1983.

The Plaintiff fails to make a prima facie Section 1983 claim because his assertions do not satisfy the elements. The Plaintiff does not show that:

**1)** a **person** subjected the Plaintiff to conduct that occurred under color of state law **AND**

**2)** this conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

The Supreme Court has made it clear states are not "persons" who can be sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58 (1989). The State Department is an agency of the State of Oklahoma in accordance with 70 O.S. Section 1-105 and cannot be considered a "person" in this instance. This is another cause for why this suit against the State should be dismissed.

This case should be dismissed as to Jennifer Weber and Kassandra Redell as well. The plaintiff does not clarify whether Jennifer Weber and Kassandra Redell are being sued in their individual or official capacity. However, the case should be dismissed in relation to the named

individuals because they have qualified immunity from this suit in accordance with *Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).* Jennifer Weber and Kassandra Redell were acting within their official capacities in all of their interactions with the Plaintiff. According to *Harlow*, qualified immunity applies so long as the official conduct of the individual defendant "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The Plaintiff submits no valid claim or evidence of the individuals violated clearly established statutory or constitutional rights of which a reasonable person would have known. This is another factor that shows why this case should be dismissed immediately.

Furthermore the Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 194 (1989). The Due Process Clause of the Fourteenth Amendment protects both substantive procedural rights. The Plaintiff fails to articulate whether he is asserting that his substantive or procedural due process rights have been violated. As to the substantive protection, the 14th amendment "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them*." Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 (1992) (internal quotation marks omitted). Here, it appears that the Plaintiff may be attempting to make procedural due process claim since he mentions the State Department's procedures.  The U.S. Supreme Court has stated that the due process required varies depending on the "time, place and circumstances." *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 902 (1976) (citation omitted). In Mathews v. Eldridge, the Supreme Court adopted a three-factor balancing test to determine what process is due in a particular situation. This test weighs (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation through the

procedures used, and (3) the burden the government would face from additional or substitute procedures. Id. at 335, at 903. The Plaintiff does not give any attention to this case law or make any attempt to state a claim in accordance with this precedent. Additionally, the Plaintiff fails to establish a prima facie case for a procedural due process violation because the Plaintiff does not establish the basic elements required. Which are:

> 1) there has been a deprivation of the plaintiff's liberty or property, **AND**
>
> 2) the procedures used by the government to remedy the deprivation were constitutionally inadequate

The Plaintiff haphazardly attempts to state that his due process rights were violated in a series of seven counts but fails to allege sufficient factual matters of the violation. The claim attempts are scattered with labels and formulaic recitations that have no support in law. It is unclear whether the Plaintiff understands what due process means in the CACFP context. The Plaintiff merely spouts conclusory allegations of law and unwarranted inferences. These labels and conclusions are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Additionally, to the extent that any of Plaintiff's claims against the State assert a violation of his federal constitutional rights such as due process, liberty, equal protection, or violation Amendments to the United States Constitution, Plaintiff has wholly failed to properly allege such claims. The *Monell* framework for asserting a violation of federal rights under § 1983 against a governmental entity such as the State requires a plaintiff to establish the actions are either "representative of an official policy or custom" or "taken by an official with final policy-making authority." *Murrell v. Sch. Dist.No.1*, 186 F.3d 1238, 1249 (10th Cir.1999); see also, *Rost v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008). Regarding an official policy, to subject the State to liability, the policy must be officially promulgated and adopted by

the appropriate officers. *Murrell*, 186 F.3d at 1249. To demonstrate an official policy exists, the plaintiff must show there is a policy statement, ordinance, regulation, or decision officially promulgated and adopted by the governmental entity leading to the constitutional violation. *Id*. A complaint is insufficient if it does not allege a final policymaker took any unconstitutional action or approved the allegedly unconstitutional conduct at issue, or that the conduct occurred pursuant to a decision made by a policymaker. *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009); see also, *Moquett v. Town of Rock Island*, 2015 WL 3952276 *4 (E.D. Okla. 2015) ("To merely state that a municipality has a policy or custom is not enough; a plaintiff must allege facts demonstrating the municipality's policy, such as examples of past situations where law enforcement officials have violated constitutional rights." *Jackson v. City of Highland Park*, 2015 WL 3409013, *5 (E.D. Mich. 2015)).

In Oklahoma, the State Department of Education and State Board of Education are the final policy-making authority for the State's operation and implementation of the CACFP program. *See* 70 O.S. § 3-104(A)(10-11). Absent an official policy, the governmental entity may be held liable only if the discriminatory practice is so well-settled as to constitute a custom and practice. *Murrell*, 186 F.3d at 1249; *See also*, *Monell* at 690-691; *Ashford v. Edmond Pub. Sch. Dist.*, 822 F.Supp. 2d 1189, 1199 (W. D. Okla. 2011). Moreover, proof of a single incident of unconstitutional activity is not sufficient to establish a policy or custom which would impose liability under § 1983. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff's Petition references no policy statements, ordinances, regulations, or official decisions adopted by State Department or State Board of Education, the final policy-making authority, which allegedly violated his constitutional rights. Plaintiff fails to identify any facts that

would support a custom or practice that is well-settled. Therefore, Plaintiff's claims for violation of his federal constitutional rights should be dismissed as to the State.

Notwithstanding the above, the case should be dismissed for Plaintiff is upset with the established regulations and having disdain is not tantamount to identifying a legally recognizable claim. The Plaintiff claims that "Defendants violated Plaintiff's rights without employing fair procedures to reach their decision(s)." The crux of this count is that "it would be impossible and unjust for Defendants to complete a review of the daycare on a day when key staff of the daycare were absent." Even if this were factually correct, and notwithstanding that unannounced visits for program reviews are essential to CACFP operations to ensure that sites are operating in compliance with CACFP regulations unannounced reviews do not violate an individual or program's due process. *See, e.g.,* 7 C.F.R. Section 226.6(b)(4)(iii); 7 C.F.R. Section 226.6(m)(6); 7 C.F.R. Section 226.18(b)(1). The State gave the Plaintiff notice that these reviews may happen. Additionally, Plaintiff claims that he did not receive "written details of the alleged deficiencies in 2020." The State sent the details of this deficiency via certified mail to the mailing address he listed on his CACFP application and currently lists as his contact address for this lawsuit. The Plaintiff failed to pick up his certified mail which was eventually sent back to the State. Most importantly, Plaintiff was provided opportunities for due process, including a hearing on the proposed termination and disqualification. Plaintiff chose to not avail himself of the due process provided and makes no claim otherwise. Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

**B. Plaintiff incorrectly applies federal regulations (Count II)**

The Plaintiff claims that he has the right to "come to compliance" prior to termination and application of unfortunately Plaintiff's conclusion is unsupported by law. Federal regulations at 7 CFR Part 226.6 (c)(3)(iii)(B)(3) state:

> If the State agency initially determines that the institution's corrective action is complete, but later determines that the serious deficiency(ies) has recurred, the State agency **must** move immediately to issue a notice of intent to terminate and disqualify the institution, in accordance with paragraph (c)(1)(iii)(C) of this section.

In other words, if a program is determined to be out of compliance on a recurring basis, the State must move to terminate the program and follow the opportunity for an appeal of the State's move to terminate. This is precisely what occurred here. Plaintiff was given the chance to come to compliance, with an initial noncompliance in a prior year but subsequently had a recurring finding of noncompliance. As such, the State issued a notice of intent to terminate and disqualify the institution in accordance with 7 CFR Part 226.6 (c)(3)(iii)(B)(3) as it was required to do. Plaintiff's claim for another opportunity to comply following a determination that a SD has recurred is incorrect. The State issued that notice of intent to terminate and disqualify the institution via certified mail, to the mailing address he listed on his CACFP application and currently list as his contact address for this lawsuit. The Plaintiff failed to pick up his certified mail which was eventually sent back to the State. Additionally, the Plaintiff claims that the State "failed to inform Plaintiff of his right and procedure to appeal Defendants' decision." Those appeal rights and procedures were provided to the Plaintiff in the aforementioned notice of intent that was sent to him via certified mail. Additionally, the Plaintiff had access to those appeal rights and procedures in the online Resource Library the State provides for CACFP Participants. Plaintiff could have availed himself of the due process procedures to challenge the intent to terminate, but he did not

11

do so. Such error is fatal to Plaintiff's claim such that the Complaint should be dismissed. Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed

**C. Plaintiff claims regarding a dispute of a debt is misplaced in error and without factual allegations (Count III).**

The Plaintiff claims that the State did not provide him with thirty days to "dispute the validity of the debt" in accordance with 15 U.S. Code Section 1692g(a)(3). 15 U.S. Code Section 1692g(a)(3) provides:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

The Plaintiff gives no details or documentation on the debt he is talking about. As nothing in the Complaint identifies factual allegations regarding a claim for debt, Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

**D. Plaintiff offers no factual or legal support for a negligence claim (Count IV).**

The Plaintiff gives no legal citation for this Count. He offers no evidence supporting a claim of negligence. He throws out statements like "ordinary care" and "breach" but establishes no cognizable claim. Plaintiff gives no proof that the State failed to properly train and supervise their officers with respect to proper procedures in the investigation and inspection of the . . . Additionally, Plaintiff names CACFP Program Directors Jennifer Weber and Kassandra Redell and claims they "acted outside of their scope of employment and violated Mr. Miller's Constitutional Rights." However, there is no elaboration or supporting evidence of how Jennifer Weber and Kassandra Redell acted outside of their scope of employment or violated the Plaintiff's constitutional rights. The State maintains that Jennifer Weber and Kassandra Redell were acting in their official capacities with the State in all of their interactions with the Plaintiff. Most importantly, Negligence is a tort claim that falls under the Governmental Tort Claim Act when

asserted against the State. If there were a valid claim, the state would not be liable in accordance with 51 O.S. § 152.1. The Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

### E. **Plaintiff has not set forth a § 1983 claim for failure to screen and hire (Count V).**
### **FOR FAILURE TO SCREEN AND HIRE**

The Plaintiff once again recites general language. This time the general language is about how the State "failed to adequately and properly screen and hire defendant employees" and how that led to the "harm suffered by the Plaintiff in this case". The Plaintiff provides no elaboration or evidence in support of these assertions which is insufficient to make a claim upon which relief should be granted. *See Iqbal*. Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

### F. **Plaintiff has not set forth a § 1983 claim for failure to properly train against defendants (Count VI).**

Further the Plaintiff claims that Defendants "as a matter of custom, practice, and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens; and to prevent extra judicial punishment by officers." This boilerplate claim once again fails to specifically state how the State is alleged to have made this violation. *See Iqbal.* Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

State cannot be liable for a failure to train unless Plaintiff pleads some facts to show that State's failure to train its employees evidences a deliberate indifference to the rights of Plaintiff. *Thelma D. v. Board of Educ. of City of St. Louis*, 934 F.2d 929 (8th Cir. 1991); *Ware v. Unified Sch. Dist. No. 492, Butler County*, 902 F.2d 815, 819 (10th Cir. 1990). The focus of the determination is on the adequacy of the training program in relation to the tasks the particular employees or officers must perform and the connection between the identified deficiency in the

training program and the ultimate injury. *City of Canton v. Harris*, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). To succeed on a Section 1983 claim for failure to train, the party must prove that the training deficiency actually caused the injury. *Id*. at 391.

Municipal liability in failure to train case arises only where the need for such training is "plainly obvious to Department decision makers." *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir.1990). If the final policy making official, in this case State Department of Education or State Board of Education as discussed above, had no actual notice of unconstitutional practices by its employees, and there is no evidence of a history of widespread prior abuse by employees that would have put the policymaker on notice of the need for improved training or supervision, then there can be no liability for failure to train. *Id*. The Supreme Court has noted that deliberate indifference means more than ordinary negligence and probably more than gross negligence. *City of Canton*, 489 U.S. at 388 n. 7, 109 S.Ct. at 1204 n.7.

Establishing liability on a failure to train claim under Section 1983 is difficult. *Reitz v. County of Bucks,* 125 F.3d 139, 145 (3rd Cir. 1997). Effective training need not specifically address every conceivable situation an employee may encounter. *Jennings v. Wentzville R-IV School Dist*., 397 F.3d 1118, 1123 (8th Cir. 2005). A municipality may be held liable where there is essentially a complete failure to train or training that is so reckless or grossly negligent that the future misconduct is almost inevitable. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). A plaintiff must allege a failure to provide specific training that has a causal nexus with the injuries suffered and must demonstrate that the absence of that specific training can reasonably be said to reflect deliberate indifference to whether the alleged constitutional deprivations occurred. *Reitz*, 125 F.3d at 145. Additionally, the fact that a particular employee never received any of the training

is not sufficient to find liability on the school district to train. *Thelma D.*, 934 F.2d at 934; *City of Canton*, 489 U.S. at 390- 91.

The minimal facts alleged by Plaintiff do not establish that State's failure to train its employees amounted to deliberate indifference, a standard much higher than negligence. In fact, Plaintiff's Complaint is totally devoid of any factual allegation regarding State's training program and merely makes broad conclusory statements and allegations. Plaintiff's conclusory allegations that the training was insufficient and that he was injured as a result is insufficient to state a claim against State for failure to train.

### G. **Plaintiff has not set forth a § 1983 claim for failure to supervise and discipline (Count VII).**

Plaintiff claims that "Defendants failed to supervise their agents and officers to prevent, malicious inspection of the daycare." According to Black's Law Dictionary Free Online Legal Dictionary 2nd Ed., Malicious means "evidencing malice; done with malice and an evil design; willful." Here, the Plaintiff provides no factual matter as to why the inspections were allegedly malicious. Plaintiff expresses his disdain for the unannounced reviews in the Complaint. However, the federal CACFP program regulations explicitly provide for unannounced reviews. *See, e.g.,* 7 C.F.R. § 226.6(b)(4)(iii); 7 C.F.R. § 226.6(m)(6); 7 C.F.R. § 226.18(b)(1). The lack of factual statements and preponderance of labels and conclusions do not state a claim that is plausible. As such, this is not valid. *See Iqbal*. Plaintiff fails to state a claim upon which relief may be granted and this claim must be dismissed.

## CONCLUSION

This lawsuit that lacks jurisdiction, and is full of labels, unfounded conclusions, lack of detail, and no supporting evidence to state claims. In accordance with FRCP 12(b)(1) and FRCP 12(b)(6), the State respectfully asks for this suit to be dismissed.

Respectfully Submitted,

Brad S. Clark, OBA #22525
Lori Murphy, OBA # 31162
Telana McCullough, OBA # 33028
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
(405) 522-3274
Brad.Clark@sde.ok.gov
Lori.Murphy@sde.ok.gov
Telana.McCullough@sde.ok.gov
**Attorneys for All Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I served a copy of the attached document by regular mail on the following who is not a registered participant of the ECF System:

Marquise Miller
1505 NW 179th Terrance
Edmond, OK 73012
wonderfullymadefoundationmm@gmail.com
**Plaintiff (Pro Se)**

S/ *Brad Clark*
Brad S. Clark