**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MARQUISE MILLER,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; OKLAHOMA STATE DEPARTMENT OF EDUCATION; OKLAHOMA CHILD AND ADULT CARE FOOD PROGRAM (CACFP); KASSANDRA REDELL; and JENNIFER WEBER,

Defendants.

Case No. CIV-21-850-SLP

**O R D E R**

Before the Court is the Motion to Dismiss [Doc. No. 11] of Defendants Oklahoma State Department of Education; Oklahoma Child and Adult Care Food Program (CACFP); Kassandra Redell and Jennifer Weber (collectively, the State Defendants). Plaintiff has responded [Doc. No. 13] and the matter is at issue.

The State Defendants move for dismissal pursuant to Rule 12(b)(1) on grounds of Eleventh Amendment immunity and pursuant to Rule 12(b)(6) for failure to state claims for relief. For the reasons that follow, the State Defendants' Motion is GRANTED.

## I. Introduction

Plaintiff, appearing pro se in this matter, is the Senior Pastor of Reachout Ministries and oversees Wonderfully Made Learning Centre, a daycare located in Oklahoma City (Daycare). The Daycare provides meals pursuant to a national program

administered and funded by the United States Department of Agriculture Food and Nutrition Service (USDA), which contracts with the Oklahoma State Department of Education Child and Adult Care Food Program (OSDE-CACFP) to administer the program in Oklahoma. OSDE-CACFP, in turn, contracts with participants like Plaintiff. Plaintiff sues the State Defendants for their alleged wrongful conduct in terminating the Daycare's contract.[1]

## II. Plaintiffs' Claims

Plaintiff's claims against the State Defendants are brought pursuant to the following: 42 U.S.C. § 1983 (Counts I, V-VII); 7 C.F.R. §§ 226.6(c) and (k)(9) (Count II); 15 U.S.C. § 1692g(a)(3) (Count III); and Oklahoma state law (Count IV – negligence). Plaintiff seeks injunctive and declaratory relief as well as monetary damages.

## III. Governing Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motion to dismiss for lack of subject-matter jurisdiction. Motions to dismiss under Rule 12(b)(1) "generally

---

[1] It is unclear whether Plaintiff, individually, is the signatory to the contract or whether the Daycare is the signatory. The Complaint's allegations are silent as to this matter and none of the Defendants have addressed the issue. To the extent the Daycare is the signatory and, therefore, the real party in interest, Plaintiff does not appear to be an attorney admitted to practice law. Plaintiff, therefore, would be unauthorized to represent another person or entity. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *see also* 28 U.S.C. § 1654. In this same vein, a non-profit organization may only appear through a licensed attorney. *Nato Indian Nation v. Utah*, 76 F. App'x 854, 856 (10th Cir. 2003) ("Individuals may appear in court pro se, but a corporation, other business entity, or non-profit organization may only appear through a licensed attorney.") (citations omitted)); *see also* LCvR 17.1 ("Parties who are not natural persons may not appear pro se."). Because the record is not fully developed as to this issue, the Court makes no findings but notes the matter as a potential impediment to Plaintiff proceeding.

take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where, as here, the movant brings a facial attack, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).[2]

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the

[2] The Court may also raise the issue of subject matter jurisdiction sua sponte. *See Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) ("[F]ederal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (internal quotation marks and citation omitted).

In reviewing the sufficiency of the allegations of a pro se complaint, the Court applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*. (internal quotation marks omitted).

## IV. <u>Discussion</u>

### A. Eleventh Amendment Immunity / Section 1983 Claims

The State Defendants argue that Eleventh Amendment immunity bars Plaintiff's claims against them. The Eleventh Amendment generally bars suits against states and their agencies based on their sovereign immunity. *Levy v. Kan. Dep't of Soc. & Rehab. Servs*., 789 F.3d 1164, 1168 (10th Cir. 2015) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

Plaintiff has named the Oklahoma Department of Education as a defendant and seeks monetary damages and injunctive relief. As an arm of the state, however, this agency is entitled to dismissal under the Eleventh Amendment. *Washington v. Okla. State Dep't of Human Servs*., 802 F. App'x 419, 420-21 (10th Cir. 2020) (Eleventh

Amendment extends to agencies such as the Oklahoma State Department of Human Services); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) ("arms of the state" such as state agencies "partake in the State's [sovereign] immunity[.]"); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the Oklahoma Department of Health, the Oklahoma Council on Law Enforcement Education and Training, and the Oklahoma Attorney General's office are all arms of the State of Oklahoma entitled to Eleventh Amendment immunity).[3]

Moreover, the Eleventh Amendment bars suit in federal court against a state, regardless of the relief sought. *See Garrett*, 531 U.S. at 363; *see also Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

An exception to Eleventh Amendment immunity exists either when the state waives the immunity, or Congress abrogates that immunity. *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). But neither exception applies here. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States

[3] Under Oklahoma law, the State Department of Education is designated a "department of the state government." *See* Okla. Stat. tit. 70, § 1-105.

Constitution); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (Congress did not abrogate the states' Eleventh Amendment immunity through enactment of § 1983).

Additionally, Plaintiff's official capacity claims brought under § 1983 against Defendants Redell and Weber are barred by Eleventh Amendment immunity. An action brought against an individual in her official capacity is deemed an action against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for the purposes of the suit because they assume the identity of the government that employs them").

In responding to the State Defendants' Motion, Plaintiff argues that under the doctrine of *Ex Parte Young*, 209, U.S. 123 (1908), his claims are not barred by the Eleventh Amendment. Under *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not preclude certain equitable relief claims made against state officials acting in their official capacities. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). To fall within the narrow *Ex parte Young* exception to Eleventh Amendment immunity, "there must be an 'ongoing violation of federal law,'" and the relief sought must be prospective in nature. *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (citations omitted). Notably, the *Ex parte Young* doctrine "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Id*. at 494. Further, the state official sued in their official capacity must have the actual power to provide the particular prospective relief at issue. *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (citing

*Ex parte Young*, 209 U.S. at 157). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (quoting *Verizon,* 535 U.S. at 645).

Here, Plaintiff's claims are premised on a wrong occurring in 2020. Although he seeks injunctive relief, Plaintiff does not allege facts demonstrating ongoing violations of federal law.[4] As such, Plaintiff "is merely seeking to address alleged past harms rather than prevent prospective violations of federal law." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012). His § 1983 claims, therefore, are for retrospective relief and do not fall within the *Ex parte Young* exception.

Finally, Plaintiff argues that in a similar case involving a daycare's termination of its CACFP contract, the court found the claims were not barred by sovereign immunity. *See* Pl.'s Resp. at 9 (citing *Wildwood Child & Adult Care Food Program, Inc. v. Colo. Dep't of Pub. Health & Env't*, 122 F. Supp.2d 1167 (D. Colo. 2000)). But in that case, the court did not address the sovereign immunity of a state, but instead addressed the sovereign immunity of the United States. Nor did the court address the *Ex parte Young* doctrine and its requirement that the plaintiff seek prospective relief. *Wildwood*,

[4] Plaintiff seeks injunctive relief to enjoin and restrain Defendants from "engaging in the policies, practices and conduct complained of" and a declaration that those policies "violate Plaintiff's rights under the United States constitution and the Federal law." Compl. at 11, Request for Relief. But the only "policies and practices" identified in the Complaint are those concerning the review of Plaintiff's daycare in 2020, not any continuing violation.

therefore, is unpersuasive. Accordingly, Plaintiff's § 1983 claims are barred by the Eleventh Amendment.

**B. Violations of Federal Regulations**

Plaintiff also purports to bring claims pursuant to 7 C.F.R. §§ 226.6(c) and 226.6(k)(9). Specifically, Plaintiff alleges "Defendants denied Plaintiff his right to come into compliance and "failed to inform Plaintiff of his right and procedure to appeal Defendant's decision." Compl., ¶¶ 62-63. Plaintiff further alleges Defendant Redell delayed sending appeal procedures to him and that Defendants did not provide appeal documents until after the agreement was terminated. But the matters about which Plaintiff complains are matters not subject to any administrative review. *See* 29 C.F.R. 226.6(k)(3) (listing as "not subject to administrative review" a "determination of serious deficiency", a "corrective action" determination; a "disqualification" decision including placement on or removal from the National disqualified list; and termination of a participating institution's agreement." Accordingly, such claims are subject to dismissal.[5]

**C. Violations of the Fair Debt Collections Practices Act (FDCPA)**

Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692g(a)(3), alleging "Defendants had an obligation to give Plaintiff a thirty-day window to dispute the validity of the debt." Compl., ¶ 71. The State Defendants, however, are entitled to Eleventh Amendment immunity with respect to this claim. *See Webb. v. Texas Higher Educ. Coordinating Bd*., No. EP-14-CV-00345-FM, 2014 WL 12594193 at *11 (W.D.

[5] To the extent Plaintiff alleges constitutional violations arising from this alleged conduct, those claims arise under § 1983 and are subject to dismissal on Eleventh Amendment immunity grounds.

Tex. Dec. 12, 2014) (finding FDCPA claim against state agency barred by sovereign immunity). Alternatively, Plaintiff's allegations are too vague and conclusory to state a claim upon which relief may be granted.

### D. State Law Claims

Plaintiff's remaining claims arise under Oklahoma law. By separate Order entered contemporaneously with this Order, the Court has dismissed all claims against the remaining Defendant, the United States Department of Agriculture. Because no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise supplemental jurisdiction over any remaining state law claims." (internal quotation marks and citation omitted)).

## V. <u>Leave to Amend</u>

As a final matter, the Court denies Plaintiff's request for leave to amend. Plaintiff does so only in response to the State Defendants' Motion and in wholly conclusory fashion. *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggests [it] should be allowed to amend if the court concludes [its] pleadings are infirm." (internal quotation marks and citation omitted)); *see also Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the level of a motion and do not put the issue before the district court."). Moreover, Plaintiff has not complied with LCvR 15.1 in requesting

leave to amend. *See Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011) ("Noncompliance with procedures required by local rule is a proper basis for denial of a motion to amend.").

## VI. Conclusion

IT IS THEREFORE ORDERED that the Motion to Dismiss [Doc. No. 11] of Defendants Oklahoma State Department of Education; Oklahoma Child and Adult Care Food Program (CACFP); Kassandra Redell and Jennifer Weber is GRANTED and the Complaint is DISMISSED.[6]

A separate judgment of dismissal will be entered contemporaneously with this Order.

IT IS SO ORDERED this 4th day of October, 2022.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**

[6] To the extent dismissal is based on Eleventh Amendment immunity, the dismissal is without prejudice. *See Williams v. Utah Dep't of Corrs.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (A dismissal based on Eleventh Amendment immunity is without prejudice).